IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:20-cr-00108 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| ANTHONY WIGFALL, SR. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Early Termination of Supervised

Release (Doc. No. 7, "Motion"), wherein Defendant asks the Court to terminate his five-year term

of supervised release, approximately two years of which he has served. Although Defendant has

complied with all conditions of supervision to date, the United States Probation Office ("USPO")

opposed Defendant's Motion because he is a career offender.[1] The Government objected to

Defendant's Motion based on the USPO's opposition but stated that it would not oppose early

termination if the USPO's stance changed (Doc. No. 9). The Court has reviewed the Motion,

communicated with the USPO, and reviewed the Government's response. For the reasons

discussed herein, the Court will grant Defendant's Motion.

**I. Background**

On January 24, 2006, Defendant was found guilty of conspiracy to distribute fifty grams

or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), distribution of

---

[1] The Court understands that the USPO's mandatory internal policy is to oppose early termination of supervised release for career offenders, but the Court is not required to follow such a policy. Certainly, in a vacuum, career-offender status tends to militate against early termination. But the Court must consider other factors without placing undue weight on any one factor, even one so consequential as career-offender status. The Court finds, as discussed herein, that the consideration of the 18 U.S.C. § 3553(a) factors as a whole support an early termination of supervised release, especially considering that the USPO "identifie[d] no other reason why [it] would not otherwise support [Defendant's] [M]otion." (Doc. No. 7 at 3).

cocaine base in violation of 21 U.S.C. § 846, and aiding and abetting in the distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C § 2(a). (Doc. No. 3 at 3). He was then sentenced to 200 months' imprisonment followed by five years of supervised release. (Doc. No. 7 at 1). On July 19, 2019, Defendant was released from BOP custody. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed September 27, 2021). Defendant has since been serving his term of supervised release.

**II. Legal Standard**

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised release, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Furthermore, federal judicial policy directs courts to consider the presence or absence of the following additional circumstances when evaluating the appropriateness of early termination

of supervised release: stable community reintegration; progressive strides toward supervision objectives; no aggravated underlying convictions; no history of violence; no recent arrests, convictions, alcohol or drug abuse; and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

### III. Analysis

As noted above, Defendant asks the Court to terminate his supervised release slightly less than three years prior to its scheduled termination. (Doc. No. 7). In this case, upon the application of the § 3553(a) factors, the Court finds that collectively they support Defendant's request for early termination of supervised release. The Motion makes numerous assertions regarding Defendant's compliance with conditions of supervised release and progress with respect to education, employment including business ownership, faith, mentorship, drug abuse prevention program completion, and familial relations. (Doc. No. 7 at 2-9). The Court credits those assertions for multiple reasons, including the fact that the Government does not take issue with any of them. Defendant's probation officer also reported that since his supervised release:

> he [ ] has had stable employment and good attitude and compliance. He had one no show drug test in December 2019 but tested negative a few days later and all drug test [sic] have been negative. He had non-compliance in May 2020 where he moved without notice, [but] [h]e has been in a stable relationship and residence since May 2020. I have had multiple home contacts and his current relationship appears stable. He has a recent negative drug test.

Accordingly, the Motion (Doc. No. 7) is **GRANTED**, and Defendant's term of supervised release is hereby terminated.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

3